IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | CASE NUMBER: 4:05-CR-098 |
| | § | |
| ARTURO HERRERA | § | |

# REPORT AND RECOMMENDATION
# OF UNITED STATES MAGISTRATE JUDGE

Now before the Court is the request for revocation of Defendant's supervised release. After the District Judge referred the matter to this Court for a report and recommendation, the Court conducted a hearing on September 15, 2017, to determine whether Defendant violated his supervised release. Defendant was represented by Robert Arrambide. The Government was represented by Tracey Batson.

Arturo Herrera was sentenced on May 25, 2006, before the Honorable Richard A. Schell of the Eastern District of Texas, after pleading guilty to the offense of Felon in Possession of a Firearm, a Class C felony. This offense carried a statutory maximum imprisonment term of not more than ten (10) years. The guideline imprisonment range, based on a total offense level of 20 and a criminal history category of VI, was 70 to 87 months. Arturo Herrera was subsequently sentenced to 87 months imprisonment followed by a three-year term of supervised release subject to the standard conditions of release, plus special conditions to include submission of financial information, testing and treatment for drug abuse, and a $100 special assessment. On May 26, 2017, Arturo Herrera completed his period of imprisonment and began service of the supervision term. On August 27, 2013, Defendant was convicted of Escape from Custody of the Attorney General, Case No. 6:12CR075 in the Eastern District of Texas, Tyler Division. He was sentenced to 30 months imprisonment followed by a three (3) year term of supervised release by the

REPORT AND RECOMMENDATION – Page 1

Honorable United States District Judge Leonard E. Davis. On July 21, 2016, this case was revoked by the Honorable United States District Judge Michael Schneider and he was subsequently sentenced to thirteen (13) months imprisonment with no term of supervised release to follow. The Defendant's original case, Felon in Possession of a Firearm was not revoked and he is still under a term of supervised release. On June 29, 2017, this case was reassigned to United States District Judge Amos L. Mazzant, III.

On August 18, 2017, the United States Probation Officer executed a Petition for Warrant or Summons for Offender Under Supervision [Dkt. 53]. The Petition asserted that Defendant violated five (5) conditions of his supervision as follows: (1) Defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court; (2) Defendant shall participate in a program of testing and treatment for drug abuse, under the guidance and direction of the United States Probation Office, until such time as you are released from the program by the probation officer; (3) Defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month; and (4) Defendant shall notify the probation officer at least ten days prior to any change in residence or employment.

The Petition alleges that Defendant committed the following acts: (1) and (2) On July 24, 2017, Defendant was instructed to submit a urine specimen for drug testing at his residence. Defendant was unable to provide a specimen. Defendant was instructed this officer would return in 20 minutes to collect a specimen from him. Upon return to the residence, Defendant did not answer the door. As such, he failed to submit a urine specimen for testing as instructed. On July 25, 2017, Defendant was instructed to submit a urine specimen for drug testing at the United States Probation Office in Sherman, Texas. Defendant failed to submit a urine specimen for testing as

instructed; (3) Defendant failed to submit his written monthly report for the month of July 2017; (4) On July 30, 2017, the U.S. Probation Office spoke with Rhonda Gonzalez who resides at the residence where the Defendant was staying. She stated that when she returned home on July 28 the Defendant's belongings were gone and she is unsure of his whereabouts. Defendant failed to call or notify the U.S. Probation Office of his change in residence.

Prior to the Government putting on its case, Defendant entered a plea of true to allegations one (1) and two (2) of the allegations of the Petition. The Government dismissed allegations three (3) and four (4). Having considered the Petition and the plea of true to allegations one (1) and two (2), the Court finds that Defendant did violate his conditions of supervised release.

Defendant waived his right to allocate before the District Judge and his right to object to the report and recommendation of this Court.

## **RECOMMENDATION**

Pursuant to the Sentencing Reform Act of 1984, the Court recommends that Defendant's supervised release be revoked and that he be committed to the custody of the Bureau of Prisons to be imprisoned for a term of eight (8) months imprisonment with no term of supervised release to follow.

The Court also recommends that Defendant be housed in a Bureau of Prisons North Texas area facility, if appropriate.

**SIGNED this 15th day of September, 2017.**

_____
Christine A. Nowak
UNITED STATES MAGISTRATE JUDGE